# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Bryan Christopher Caldwell (2) and Marty Al Clerk (3),

        Defendants.

Case No. 19-cr-160 (ECT/TNL)

**ORDER**

David P. Steinkamp, Assistant United States Attorney, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415 (for the Government);

Shannon R. Elkins, Assistant Federal Defender, Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415 (for Defendant Caldwell); and

Frederick J. Goetz, Goetz and Eckland PA, 615 First Avenue Northeast, Suite 425, Minneapolis, MN 55413 (for Defendant Clerk).

      This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following motions:

1. Defendant Caldwell's Pretrial Motion for Disclosure of 404 Evidence (ECF No. 29);

2. Defendant Caldwell's Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant (ECF No. 30);

3. Defendant Caldwell's Pretrial Motion for Discovery and Inspection (ECF No. 31);

4. Defendant Caldwell's Motion for Early Disclosure of Jencks Act Material (ECF No. 33);

5. Defendant Caldwell's Motion to Disclose Post Conspiracy Statements of Codefendants (ECF No. 34);

6. Defendant Caldwell's Pretrial Motion for Government Agents to Retain Rough Notes and Evidence (ECF No. 35);

7. Defendant Caldwell's Pretrial Motion to Provide Grand Jury Testimony of any Witness who will Testify at Suppression Hearing (ECF No. 36);

8. Defendant Caldwell's Pretrial Motion for Rule 16 Discovery Regarding Forensic Testing and Experts (ECF No. 37);

9. Defendant Clerk's Motion to Produce 404(b) Evidence (ECF No. 40);

10. Defendant Clerk's Motion for Brady Material (ECF No. 41);

11. Defendant Clerk's Motion for Discovery (ECF No. 42);

12. Defendant Clerk's Motion for Discovery of Expert under Rule 16(a)(1)(G) (ECF No. 43);

13. Defendant Clerk's Giglio Motion (ECF No. 44);

14. Defendant Clerk's Motion for Early Disclosure of Jencks Material (ECF No. 45);

15. Defendant Clerk's Motion for Attorney Conducted Voir Dire (ECF No. 46); and

16. Defendant Clerk's Motion to Preserve Rough Notes (ECF No. 47).[1]

---

[1] A superseding indictment in this matter was unsealed in this matter on October 15, 2019. (ECF No. 81). At their respective arraignments on the superseding indictment, Defendants indicated they reasserted the same motions in response to that indictment. *See United States v. Black*, No. 14-cr-364, 2015 WL 13660442, at *7 (D. Minn. Aug. 21, 2015) (permitting party to reassert same motions in response to superseding indictment).

Based upon the record, memoranda, oral arguments of counsel, and the agreement of the parties as noted at the hearing and in their respective briefs, **IT IS HEREBY ORDERED** as follows:

1. Defendant Caldwell's Pretrial Motion for Disclosure of 404 Evidence (ECF No. 29) and Defendant Clerk's Motion to Produce 404(b) Evidence (ECF No. 40) are **GRANTED** as follows: Defendants seek evidence of any bad acts or other similar course of conduct evidence that the Government seeks to introduce at trial against them pursuant to Rule 404(b) of the Federal Rules of Evidence. The Government indicates it is aware of its obligations under Rule 404 and indicates it will make any such disclosures at a reasonable time before trial. (Gov't Resp., at 3, ECF No. 65). At the hearing, the parties agreed to a 14-day pre-trial deadline for disclosure.

Rule 404(b) requires the Government to provide reasonable notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense; the rule does not prevent admission of other wrongful conduct that is intrinsic to the charged offense." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010) (citations omitted). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *United States v. Johnson*, 463 F.3d 803, 808 (8th Cir. 2006) (citation omitted).

Therefore, no later than 14 days prior to trial, the Government shall provide reasonable notice of all extrinsic evidence then known to the Government that it intends to offer at trial within the purview of Fed. R. Evid. 404(b). If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery.

2. Defendant Caldwell's Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant (ECF No. 30), Defendant Clerk's Motion for Brady Material (ECF No. 41), and Defendant Clerk's Giglio Motion (ECF No. 44) are **GRANTED IN PART** and **DENIED IN PART** as follows: Defendants seek evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Giglio*, 405 U.S. 150 (1972), and their progeny, including statements or evidence exculpating the defendant, contradictory witness statements, prior convictions or other prior bad acts of prospective witnesses, consideration or promises provided to witnesses, threats directed against witnesses, any prior witness testimony, impeachment information of witnesses, and governmental files on witnesses. The Government indicates it has complied with its obligations under these authorities and will continue to comply, but objects to the extent that Defendant's motion seeks materials outside the requirements of *Brady*, *Giglio*, and their progeny. At the hearing, the parties agreed to disclose the criminal records of any witnesses they intend to call no later than three days before trial. The parties also agreed to a three-day pre-trial deadline for disclosure of any *Giglio* material.

Accordingly, the Government shall comply with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence. To the

extent that Defendants' motions seek discovery and disclosures outside the Government's obligations under these authorities, they are denied. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery. In most circumstances, then, a defendant must point to a statute, rule of criminal procedure, or other entitlement to obtain discovery from the government") (citing *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)). The parties shall disclose the criminal records of any witness they intend to call no later than three days before trial. All *Giglio* material shall be disclosed no later than three days before trial.

3. Defendant Caldwell's Pretrial Motion for Discovery and Inspection (ECF No. 31), Defendant Caldwell's Pretrial Motion for Rule 16 Discovery Regarding Forensic Testing and Experts (ECF No. 37), Defendant Clerk's Motion for Discovery (ECF No. 42), and Defendant Clerk's Motion for Discovery of Expert under Rule 16(a)(1)(G) (ECF No. 43) are **GRANTED IN PART** and **DENIED IN PART** as follows: Defendants seek discovery materials, including statements, prior criminal records, items material to the preparation of their respective defenses, results or reports of physical or mental examinations, and written summaries of testimony. The Government noted that it is aware of its ongoing duty to disclose. Accordingly, the Government shall comply with its discovery obligations under Rules 12, 16, and 26.2 and shall ensure the prompt provision of full and complete discovery disclosures.

With respect to expert witness discovery, Defendants seek a written summary of all expert testimony the Government intends to offer at trial, as well as the complete files prepared by the Minnesota Bureau of Criminal Apprehension ("BCA") and Minneapolis

Crime Lab regarding fingerprint and DNA testing in this matter. The Government notes that it is aware of its obligations concerning expert witnesses under Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702–705.

With the exception of any materials related to DNA testing in this matter, the parties shall each comply with Rule 16(a)(1)(G) and Rules of Evidence 702–705 no later than 21 days before trial. Regarding materials related to DNA testing, the Government shall request the BCA and Minneapolis Crime Lab files forthwith and shall disclose those materials as soon as possible so as to avoid any delays in this multi-defendant proceeding. *See* Fed. R. Crim. P. 16(a)(1)(G); Fed. R. Crim. P. 16 advisory committee's notes, 1993 Amendments ("Although no specific timing requirements are included, it is expected that the parties will make their requests and disclosures in a timely fashion."). To the extent that Defendants' motions seek discovery and disclosures outside the Government's obligations under these authorities or not ruled on elsewhere in this Order, they are denied. *See Johnson*, 228 F.3d at 924.

4.      Defendant Caldwell's Motion for Early Disclosure of Jencks Act Material (ECF No. 33) and Defendant Clerk's Motion for Early Disclosure of Jencks Material (ECF No. 45) are **DENIED** except as follows: Defendants seek early disclosure of Jencks Act materials. The Government objects to Court-ordered disclosure of Jencks Act materials, but agrees to reciprocal exchange of Jencks Act materials three days prior to trial. "The Jencks Act requires that the prosecutor disclose any statement of a witness in the possession of the United States which relates to the subject testified to by the witness on direct examination." *United States v. Douglas*, 964 F.2d 738, 741 (8th Cir. 1992). "Although the

6

United States need not produce Jencks statements prior to a witness' testimony on direct examination, the United States may agree to early discovery of Jencks material." *Id.* at 741 n. 2. Therefore, no later than three days before trial, the Court expects the parties to provide Jencks Act materials as agreed so as to prevent delays in trial.

5. Defendant Caldwell's Pretrial Motion for Government Agents to Retain Rough Notes and Evidence (ECF No. 35) and Defendant Clerk's Motion to Preserve Rough Notes (ECF No. 47) are **GRANTED** as follows: Defendants seek an order directing any law enforcement agent, including any confidential reliable informant, involved in this case to retain and preserve all rough notes and evidence pertaining to this matter and its underlying investigation. The Government does not object to the motion to the extent it seeks retention and preservation of rough notes and evidence. Therefore, the Government shall direct its agents, including any confidential reliable informant involved in this case to retain and preserve any rough notes pertaining to this case and to preserve any evidence seized.

6. Defendant Caldwell's Motion to Disclose Post Conspiracy Statements of Codefendants (ECF No. 34) is **DENIED** as follows: Defendant Caldwell, relying upon Fed. R. Crim. P. 16(c) and *Bruton v. United States*, 391 U.S. 123 (1968), seeks disclosure by the Government of its intent to use post-conspiracy statements of co-conspirators at trial. The Government objects, indicating that it will not offer in a joint trial any statement by one Defendant that implicates another Defendant or unindicted co-conspirator, unless it intends to call that person at trial or unless disclosure is required by other authorities, such as *Brady* or *Gigilio*.

Rule 16 provides "that only statements of the defendant are discoverable." *United States v. Manthei*, 979 F.2d 124, 126 (8th Cir. 1992). *Bruton* held that the admission of an incriminating statement by a non-testifying co-defendant at a joint trial violates the defendant's rights under the Confrontation Clause. 391 U.S. at 137. *Bruton* is not violated when the statements of a co-defendant are redacted so as to eliminate any reference to the defendant. *United States v. Donahue*, 948 F.2d 438, 443 (8th Cir. 1991) ("[T]he Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession . . . when . . . the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence.") (quoting *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)).

To the extent post-conspiracy statements of co-defendants or unindicted co-conspirators are discoverable under some other authority, such as *Brady* or *Giglio* or because the Government intends to call those persons as witnesses, the Court expects the Government to provide those statements. But because Defendant Caldwell seeks statements made by others, not himself, he is not entitled to their disclosure under Rule 16. *See Johnson*, 228 F.3d at 924 ("Criminal defendants do not have a general constitutional right to discovery. In most circumstances, then, a defendant must point to a statute, rule of criminal procedure, or other entitlement to obtain discovery from the government") (citing *Weatherford*, 429 U.S. at 559). Therefore, his motion must be denied.

7. Defendant Caldwell's Pretrial Motion to Provide Grand Jury Testimony of any Witness who will Testify at Suppression Hearing (ECF No. 36) is **DENIED** as moot. Defendant Caldwell requests production of grand jury testimony for witnesses the

Government intends to call at the motion hearing. The Government indicates that none of its witnesses testified before the Grand Jury. Therefore, Defendant Caldwell's motion is moot.

8. Defendant Clerk's Motion for Attorney Conducted Voir Dire (ECF No. 46) is **DENIED WITHOUT PREJUDICE** as follows: Defendant Clerk seeks permission to supplement the Court's voir dire examination. This matter is properly handled by the trial judge, who will determine the procedures under which the trial shall proceed in this matter, including the process through which the jury is empaneled. Accordingly, this motion is denied without prejudice as premature.

9. All prior consistent orders remain in full force and effect.

10. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel, and/or the party such counsel represents to any and all appropriate remedies, sanctions, and the like.

Date: November 14, 2019            *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Caldwell, et al.*
Case No. 19-cr-160 (ECT/TNL)